**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 18, 2022.**



_____
TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 22-10293-tmd |
| WC BRAKER PORTFOLIO, LLC | § | CHAPTER 11 |
|     Debtor. | § | |

## ORDER DENYING MOTION TO DISMISS

On May 13, 2022, Creditors ATX Braker SR, LLC and ATX Braker, LLC filed a motion seeking dismissal of this case or, alternatively, relief from the automatic stay [ECF 24]. At the hearing on June 13, 2022, the Court took the matter under advisement.

In its motion, ATX first argues that the case must be dismissed because it was filed without authority. Specifically, ATX contends that under the LLC agreement, approval by two independent managers was required before the Debtor could file bankruptcy. The Debtor admits that no independent managers approved the filing but argues that such a deficiency can be ratified. And the Debtor later filed a notice that its independent managers ratified the bankruptcy filing on June 28, 2022.[1]

---

[1] Notice of Ratification, ECF 108.

Under Delaware law,

> Any act or transaction that may be taken by or in respect of a limited liability company under this chapter or a limited liability company agreement, but that is void or voidable when taken, may be ratified (or the failure to comply with any requirements of the limited liability company agreement making such act or transaction void or voidable may be waived) by the members, managers or other persons whose approval would be required under the limited liability company agreement:
>
> 1. For such act or transaction to be validly taken . . .[2]

The bankruptcy filing here has been ratified and is now authorized.

ATX also argues that this case should be dismissed, or the automatic stay lifted, because it was filed in bad faith. During the hearing on the motion, one of the Debtor's unsecured creditors appeared and argued against dismissal because if the case were dismissed or the stay lifted, recovery for creditors, other than the secured lender, is questionable.

At this point, a chapter 11 trustee has been appointed and the case is being administered. Some of the factors that were enunciated by the Fifth Circuit in its *Little Creek*[3] opinion are present here, but on balance the Court does not find cause to dismiss the case or grant relief from the automatic stay and finds that retaining the case is in the best interest of creditors. The Court also finds that ATX is, at this time, adequately protected by a substantial equity cushion.[4]

ACCORDINGLY, IT IS ORDERED that the Motion to Dismiss [ECF 24] is denied.

### # # #

---

[2] 6 Del. C. 18-106 (e). *See also In re Orfa, Co*, 115 B.R. 799 (Bankr. E.D. PA 1990) ("There is also little doubt that directors of a corporation can validate previous unauthorized actions of a board or purported board of directors by ratification under the law of Delaware.")
[3] *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072-73 (5th Cir. 1986).
[4] Per the schedules, the Travis County Appraisal district values the properties at over $162.7 million and the secured lender's claim was approximately $73 million as of the petition date.