IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WC BRAKER PORTFOLIO, LLC, | CASE NO. 22-10293 (TMD) |
| DEBTOR.[1] | |

**DECLARATION OF DAWN M. RAGAN, CHAPTER 11 TRUSTEE,
IN SUPPORT OF MOTION FOR ORDER AUTHORIZING THE CHAPTER 11
TRUSTEE TO RETAIN AND COMPENSATE EMBARK CONSULTING LLC
<u>IN THE ORDINARY COURSE OF BUSINESS</u>**

I, Dawn M. Ragan, hereby submit this declaration (the "<u>Declaration</u>") pursuant to 28 U.S.C. § 1746, and declare under penalty of perjury that:

1. My name is Dawn M. Ragan. I am over the age of twenty-one and am competent to make this Declaration. I am a Partner with CR3 Partners, LLC ("<u>CR3</u>"). Since May 31, 2022, I have been serving as the chapter 11 trustee ("<u>Trustee</u>") for WC Braker Portfolio, LLC, the debtor in the above-captioned chapter 11 case (the "<u>Debtor</u>").

2. I make this Declaration in support of the Chapter 11 Trustee's *Motion for Order Authorizing the Chapter 11 Trustee to Retain and Compensate Embark Consulting LLC in the Ordinary Course of Business* ("<u>Motion</u>"), filed on August 26, 2022 [Docket No. 147], pursuant to § 327(b) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "<u>Bankruptcy Code</u>").

3. The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion on information that I have received as Trustee. If I were

---

[1] The last four digits of the Debtor's federal employer identification number are 2115. The Debtor's address is 814 Lavaca Street, Austin, Texas 78701.

called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4. Debtor is in the commercial real estate business and owns and operates 14 parcels of commercial properties in North, Central Austin (the "Properties"). The Debtor currently has approximately 40 commercial tenants from which the Debtor generates monthly rent income to pay operating expenses, taxes and debt service.

5. Debtor has no employees. In the ordinary course of its business, accounting and property management services were conducted by affiliates of the Debtor and World Class Holding Company, LLC, an entity owned (directly or indirectly) by Natin Paul.

6. I believe that it is necessary and prudent to replace the prior accountants with non-affiliates to perform day to day accounting services for Debtor's business. For this reason, I have filed the Motion requesting this Court to approve Embark Consulting LLC ("Embark") as ordinary course accountants to perform day-to-day accounting for Debtor's business.

7. The scope of Embark's accounting services is set forth in the Consulting Service Agreement attached to the Motion as Exhibit A ("Service Agreement"). Those services will be to: (i) utilize Yardi, the Debtor's accounting system software, to maintain accounting records for Debtor's 14 properties, including posting receipts/disbursements and preparing financial statements and reports; and (ii) assist management with other accounting services as needed and requested by me.

8. Embark has agreed to perform such accounting services on an hourly fee basis at its standard hourly rates, billed semi-monthly and paid upon invoice. Embark has also requested a $20,000 retainer. I have agreed to retain and pay Embark on these terms, subject to Court

approval and pursuant to the compensation procedures set forth in the Motion and proposed order attached to the Motion as Exhibit B ("Proposed Order").

9. I am familiar with Embark and believe that Embark is well-qualified to perform the requested accounting services.

10. Embark will not be involved in the administration of the chapter 11 case, but rather will provide accounting services only in connection with the Debtor's ongoing business operations, and not directly related to the chapter 11 proceedings. Accordingly, I do not believe that Embark is a "professional," as the term is used in § 327(a) of the Bankruptcy Code, whose retention must be approved by the Court. For these same reasons, I do not believe that Embark is a professional under Fed. R. Bankr. P. 2014 and L. Bankr. R. 2014.

11. I believe that payment to Embark upon invoice, without formal application to the Court, is appropriate. The Proposed Order provides for payment upon invoice subject to a Monthly Cap, not exceeding $15,000 per month on average over a rolling three month period. I anticipate that Embark's monthly accounting services will not exceed $10,000 per month, except that additional hours may be required during the initial months to set up account access and other preliminary tasks to establish ongoing bookkeeping and accounting functions.

12. To the extent Embark is deemed to be a professional, other than in the ordinary course, I ask that the Court waive the provisions of Fed. R. Bankr. P. 2014 and L. Bankr. R. 2014, because Embark will only be performing services regularly provided in the ordinary course of Debtor's business and will provide services not directly related to the chapter 11 proceedings.

13. I understand that Embark has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under § 504(b)(1) of the Bankruptcy Code. I also understand that Embark has no connection with the Debtor or Debtor's

affiliates, is not a creditor, equity security holder, or insider of the Debtor, is not and was not ever an officer, director or employee of the Debtor, does not have any interest materially adverse to the interest of the estate or any creditors or equity interest holders of the Debtor, and does not hold nor represent any interest adverse to the Debtor's estate.

14. I believe that the employment of Embark is in the best interest of the Debtor, it's estate and all parties in interest. I believe that expedited consideration of such engagement is necessary to avoid further delay and any potential damage to Debtor's ongoing commercial real estate business and affairs absent engagement of a non-affiliate.

15. For these reasons, I request that the Court approve the employment of Embark as ordinary course accountants and compensation pursuant to the terms set forth in the Motion and Proposed Order on an expedited basis.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dallas, Texas, this 2nd day of September, 2022.

_____
Dawn M. Ragan, Chapter 11 Trustee for
W.C. Braker Portfolio, LLC, Debtor

36029312.1