**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 12, 2022.**

**TONY M. DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-10293-TMD |
| WC BRAKER PORTFOLIO, LLC, | CHAPTER 11 |
| DEBTOR. | |

### ORDER GRANTING T APPLICATION TO EMPLOY
### GEARY PORTER PORTER & DONOVAN, P.C. *NUNC PRO TUNC* AS
### SPECIAL COUNSEL TO THE CHAPTER 11 TRUSTEE

Upon the application (the "Application") of Dawn Ragan, the chapter 11 trustee for the above-captioned debtor ("Trustee"), for entry of an order ("Order") authorizing the Trustee to employ Geary, Porter & Donovan, P.C. ("Geary Porter") as special counsel to the Chapter 11 Trustee *nunc pro tunc* effective as of September 12, 2022, pursuant to the engagement letters attached to the Application as Exhibit B, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and, venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court further finds upon consideration of the record before it, that the relief

requested in the Application is in the best interests of the Debtor's estate, creditors, and other parties in interest; the Trustee provided appropriate notice of the Application and the opportunity for a hearing; and no objection or other written objection has been filed by any party.  The Court, having determined, after due deliberation, that the legal and factual bases set forth in the Application establish good cause for the relief requested, finds that the Application should be granted as set forth below.

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1.      The Application is GRANTED as set forth herein.

2.      The Trustee is authorized to retain Geary Porter as special counsel in connection with certain property tax appeals with respect to Debtor's Properties.

3.      The Trustee is authorized to enter into the Engagement Letters attached as Exhibit B to the Application.

4.      The Trustee is authorized to compensate Geary Porter in accordance with the Engagement Letters.  Geary Porter shall be paid without being required to file interim or final fee applications as contemplated by Bankruptcy Code §§ 330 and 331.  Geary Porter is not required to maintain time records.

5.      The payment of all fees and reimbursement of expenses to Geary Porter under the Engagement Letters shall be free and clear of all liens, claims, and encumbrances.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### # # # END OF ORDER # # #

Prepared By:

*/s/ Nancy Ribaudo*
Michael McConnell
Texas Bar No. 13447300
Nancy Ribaudo
Texas Bar No. 24026066
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

*Counsel for the Chapter 11 Trustee*

3637371.1