**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 20, 2022**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 22-10293-TMD |
| WC BRAKER PORTFOLIO, LLC, | CHAPTER 11 |
| DEBTOR. | |

**ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY
AMG II, LLC, AS PROPERTY MANAGER, EFFECTIVE DECEMBER 1, 2022**

Upon the application (the "Application") of Dawn Ragan, the chapter 11 trustee for the above-captioned debtor ("Trustee"), for entry of an order ("Order") authorizing the Trustee to employ AMG II, LLC d/b/a/ Colliers ("AMG" or "Applicant"), as property manager, effective December 1, 2022, pursuant to the Management Agreement attached to the Application as Exhibit A, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and, venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court further finds upon consideration of the record before it, that the relief requested in the Application is in the best interests of the Debtor's estate, creditors, and other parties in interest; the Trustee provided

appropriate notice of the Application and the opportunity for a hearing; and no objection or other written objection has been filed by any party. The Court, having determined, after due deliberation, that the legal and factual bases set forth in the Application establish good cause for the relief requested, finds that the Application should be granted as set forth below.

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is authorized to retain AMG as property manager, effective December 1, 2022, with respect to Debtor's Properties.

3. The Trustee is authorized to enter into the Management Agreement attached as Exhibit A to the Application ("Management Agreement").

4. The Trustee is authorized to compensate AMG in accordance with the Management Agreement. AMG shall be paid without being required to file interim or final fee applications as contemplated by Bankruptcy Code §§ 330 and 331. AMG is not required to maintain time records.

5. The payment of all fees and reimbursement of expenses to AMG under the Management Agreement shall be free and clear of all liens, claims, and encumbrances.

6. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### # # # END OF ORDER # # #

Prepared By:

*/s/ Nancy Ribaudo*
Michael McConnell
Texas Bar No. 13447300
Nancy Ribaudo
Texas Bar No. 24026066
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

*Counsel for the Chapter 11 Trustee*

3635309